UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DANIEL JOSE GARCIA,

                  Plaintiff,

    -against-

MR. IRIVNG G. JOHN DOE; JANE DOE;
JANE DOE WITNESS,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

24-CV-07000 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Daniel Jose Garcia, currently incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island, filed the instant pro se action under 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons stated below, the complaint is dismissed. However, Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

## BACKGROUND

    Plaintiff's complaint is largely illegible and nearly impossible for the Court to decipher. As best as can be ascertained, Plaintiff asserts that his claims arose on July 7, 2024, in Jackson Heights, Queens, and at the West Facility on Rikers Island. (Compl. at 3, ECF No. 1.) The gist of his claim is unclear, but he appears to assert that he had difficulty breathing at the West Facility. The relief Plaintiff is seeking is also unclear.

## STANDARD OF REVIEW

    As a rule, pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a pro se complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449

1

U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible if Plaintiff pleads sufficient factual detail to allow the Court to infer that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, *Iqbal*, 556 U.S. at 678-79, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Rule 8(a)(2) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir.

2003) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)).

Here, the Complaint is largely illegible and the Court cannot discern the nature of the claims that Plaintiff asserts. Given the difficulty in understanding Plaintiff's Complaint, the Court cannot evaluate whether Plaintiff's allegations state a claim for relief. *See e.g., Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (dismissing a complaint because it was convoluted, repetitive, and difficult to understand); *Grant v. 115 Precinct*, No. 24-CV-3714, 2024 WL 2816559, at *3 (E.D.N.Y. June 3, 2024) (noting, among other things, that any amended complaint a plaintiff files must be legible); *Anduze v. City of New York*, No. 21-CV-0519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing the complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"). The Court, therefore, will dismiss the complaint without prejudice so that Plaintiff can file an amended complaint.

**LEAVE TO AMEND**

In light of the Court's duty to liberally construe pro se complaints, Plaintiff is given thirty days from the date of this order to file an amended complaint. If Plaintiff files an amended complaint, he must clearly state the facts giving rise to his claims and name as defendants the individuals or entities responsible for each action or omission, explain what each defendant did or failed to do, and explain how that action or omission led to a deprivation of his federal constitutional or statutory rights. The amended complaint shall replace the original complaint.

That is, the amended complaint must stand on its own without reference to the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order: 24-CV-07000 (LDH) (LB).

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. The Court grants Plaintiff leave to file an Amended Complaint within 30 days from the entry date of this Order as set forth above. If Plaintiff fails to file an amended complaint within 30 days or fails to show good cause why he cannot file within the time allowed, the Clerk of Court shall be directed to enter judgment and close this case. All further proceedings shall be stayed for 30 days. If Plaintiff files an amended complaint, it shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order and a prisoner's civil rights complaint form to the Plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
     April 24, 2025

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge